**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4841

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEIL P. SHUTTLEWORTH,

Defendant - Appellant.

No. 12-4844

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEIL P. SHUTTLEWORTH,

Defendant - Appellant.

No. 12-4845

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEIL P. SHUTTLEWORTH,

Defendant - Appellant.

---

**No. 12-4846**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEIL P. SHUTTLEWORTH,

Defendant - Appellant.

---

**No. 12-4848**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEIL P. SHUTTLEWORTH,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Spartanburg. J. Michelle Childs, District Judge. (7:12-cr-00242-JMC-1; 7:11-cr-00161-JMC-1; 7:11-cr-00755-JMC-1; 7:11-cr-02070-JMC-1; 7:11-cr-02182-JMC-1)

---

Submitted: June 24, 2013          Decided: July 25, 2013

---

Before WYNN, DIAZ, and THACKER, Circuit Judges.

2

————————

Affirmed by unpublished per curiam opinion.

————————

Michael Chesser, Aiken, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Neil P. Shuttleworth pled guilty to five separate indictments charging him with six counts of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). His cases were consolidated pursuant to Fed. R. Crim. P. 20.[*] At sentencing, the district court granted Shuttleworth a downward departure based on his assistance to authorities, and he received a below-Guidelines sentence of 120 months' imprisonment. On appeal, Shuttleworth's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal. Shuttleworth has filed a pro se supplemental brief arguing that (1) the district court erred in imposing a sentencing enhancement based on Shuttleworth's alleged threat of death to a bank teller, and (2) the Government used information he shared under his cooperation agreement to enhance his sentence, in violation of U.S. Sentencing Guidelines Manual § 1B1.8(a) (2011). Finding no error, we affirm.

We review Shuttleworth's sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v.

---

[*] Under Rule 20, transfer of prosecution is permitted from a district where an indictment is pending to a district court where a defendant is arrested upon consent by the defendant and agreement by the United States attorneys.

4

*United States*, 552 U.S. 38, 51 (2007).  We begin by reviewing the sentence for significant procedural error, including improper calculation of the Sentencing Guidelines range, failure to consider sentencing factors under 18 U.S.C. § 3553(a) (2006), sentencing based on clearly erroneous facts, or failure to adequately explain the sentence imposed. Id. at 51.  Once we have determined that the sentence is free of significant procedural error, we must consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only when the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Shuttleworth first contends that the district court improperly imposed a two-level enhancement based on his alleged death threat to one of the bank tellers. In assessing the district court's application of the Guidelines, this court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Layton, 564

F.3d 330, 334 (4th Cir. 2009). Generally, the test is an objective one—whether the defendant's statement would "instill a fear of death in a *reasonable* victim, not the reaction of the particular teller[.]" United States v. Jennings, 439 F.3d 604, 613 (9th Cir. 2006); see also United States v. Franks, 183 F.3d 335, 337-38 (4th Cir. 1999); United States v. Gibson, 155 F.3d 844, 846 (7th Cir. 1998). We conclude the enhancement was appropriately applied. To the extent Shuttleworth argues counsel was ineffective in this regard, ineffectiveness does not conclusively appear on the record. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012).

Shuttleworth also argues in his pro se supplemental brief that the Government used information he shared under his cooperation agreement to enhance his sentence, in violation of USSG § 1B1.8(a). Because Shuttleworth did not preserve this issue in the district court, we review for plain error. United States v. McQueen, 108 F.3d 64, 65-66 (4th Cir. 1997). We summarily dismiss this claim, and the attendant ineffective assistance of counsel claim, because Shuttleworth had neither a plea agreement nor a cooperation agreement in these cases.

Our review of the record indicates no procedural error in the imposition of Shuttleworth's sentence. Further, the district court adequately explained the basis for Shuttleworth's below-Guidelines range sentence based on the goals of 18 U.S.C.

§ 3553(a), and we find nothing to rebut the presumption of substantive reasonableness.

In accordance with <u>Anders</u>, we have reviewed the entire record in each case and find no meritorious issues for appeal. We therefore affirm Shuttleworth's convictions and sentence. This court requires counsel to inform Shuttleworth, in writing, of his right to petition the Supreme Court of the United States for further review. If Shuttleworth requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shuttleworth. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

<u>AFFIRMED</u>